IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPhEN Thomas 124145       *
PLAINTIFF(S)                *   CIVIL ACTION NO: 2:07-CV-107-MEF
                            *
                            *   **RECEIVED**
VS.                         *
                            *   FEB 2 2 2007
RICHARD ALLEN, et al,       *
DEFENDANT(S)                *   CLERK
                            *   U.S. DISTRICT COURT
                            *   MIDDLE DIST. OF ALA.
                            *

**AMENDMENT TO COMPLAINT**

The plaintiff StePhen ThomAs, has filed with this court, a civil action complaint pursuant to 42 usc 1983 pretaining to the denial of good time credits based soley on the length of their sentence. The plaintiff also submitted the following issues for review. The plaintiff StePhen ThomAs, avers that, the Alabam Correctional Incentives (CIT) time act (§14-9-41) subsection (e) code of alabama, acts 80-446 violates the administrative procedures, violates state constitutional requirements for passage of legislation and Federal protection and 'due process' guaranteed in the way that it has and still being administered by selective implentation through the Department of Correction (DOC) classification and administrative department.

Acts 80-446, violates Article 4, 61, of Alabama Constitution (1901) because, an amendment to the pre-existing act, changed the original purpose of the act.



Acts 80-446, on its face, violates the "equal protection" guarantees of the fourth amendment, article 4, each law shall contain one subject, which shall be clearly expressed in its title.

The plaintiff(s) are categorically denied goodtime by the department of corrections which is in violation of the legislature intent.

The plaintiff(s) are being denied goodtime soley on the length of their sentence, and not the seriousness of their offense.

The plaintiff(s) are classified under a behavior system that affords goodtime credits.

The plaintiff(s) has been classified at onetime or another as a class 1,2, or 3, prisoner, but has been catergorically denied goodtime incentives thats afforded by that class:

§14-9-41 reads:

(a) Each prisoner who **shall** hereafter be convicted of **any** offense against the laws of the State of Alabama and is confined, in execution of the judgement or sentence upon any conviction, in the penitentiary or hard labor for the county or in any municipal jail for a definite or indeterminate term, other than life, whose record of conduct shows that he has faithfully observed the rules for a period of time specified by this article may be entitled to earn a deduction from the term of his sentence as follows:

(1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each 30 days actually served while the prisoner is a Class II prisoner.

(3) Twenty days for each 30 days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is a Class IV prisoner.

(b) Within 90 days after May 19, 1980, the Commissioner of the Department of Corrections shall establish and publish in appropriate directives certain criteria **not in conflict** with this article for Class I, II, III, and IV prisoner classifications. Such classifications **shall** encompass consideration of the prisoner's behavior, discipline, and work practices and job responsibilities.

(c)(1) Class I is set aside for those prisoners who are considered trustworthy in every respect and who, by virtue of their work habits, conduct and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who could work without constant supervision by security officer.

(2) Class II is that catergory of prisoners whose job will be under the supervision of a correctional employee at all times. Any inmate shall remain in this classification for a minimum period of six months before being eligible for Class I.

(3) Class III is for prisoners with special assignments. They may not receive any of the privileges of Class I and Class II inmates. Any inmate shall remain in this classification for a minimum period of three months before being eligible for Class II.

(4) Class IV is for prisoners not yet classified and for those who are able to work and refuse, or who commit disciplinary infractions of such a nature which do not warrant a higher classification, or inmates who do not abide by the rules of the institution. Inmates who are classified in this earning class receive no correctional incentive time. This class is generally referred to as "flat time" or "day for day". Any inmate shall remain in this classification for a minimum of 30 days before being eligible for Class III.

Subsection (e) reads:

(e) Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the county jail at hard labor or in any municipal jail. No person may be placed in Class I, if he or she has been convicted of assault where the victims of such assault suffered the permanent loss or use or permanent partial loss or use of any bodily organ or appendage. No person may be placed in Class I if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.

80-446 reads:

Alabama correctional Incentive time act prohibited habitual offenders from receving any deductions from their sentence.

The 1991 amendment to this act by the Commissioner of the department of corrections, allowed habitual offenders to receive good time credits and reductions from their sentence against the legislative intent. This amendment violated equal protection of the law when inmates who were similiar situated, was not afforded incentive good time credits based soley on the length of their sentence.

AMENDMENT TO ORIGINAL COMPLAINT

(1). The plaintiff, Stephen Thomas #124145, was convicted by the Circuit Court of Tuscaloosa County, Alabama. The plaintiff was sentenced to a term of 20 years imprisonment for the crime of Distribution of a Control Substance.

(2) The plaintiff was found guilty of Distribution of a Control substance on March 5, 2002.

(3). The plaintiff request this honorable court to order the defendant(s) to enforce §14-9-41, code of alabama, which will grant him retroactive good time when he was classified as a Class I, II, III and IV prisoner. The plaintiff has been to work release and honor camps. The plaintiff request request retroactive Incentive good time under the 1991 amendment and prior amendment pursuant to §14-9-41. The plaintiff further seeks declaratory judgment against the defendant(s) to determine whether the defendant(s) are violating his constitutional rights pursuant to §14-9-41, when the defendant(s) amended subsection (e), there by conflicting with clear legislative intent. The plaintiff also seeks from this honorable court, an injunction to prevent the defendant(s) from further violation of his constitutional rights, as the plaintiff avers that, there is no plain, adequate, and complete remedy at law that the plaintiff can file to prevent this constant deprivation of plaintiff constitutional rights. Plaintiff avers that, subsection (e) has deprived him of (CIT) soley because plaintiff was sentenced to over 15 years in prison. Plaintiff avers that, this was not legislature intent when §14-9-41 was written. Plaintiff avers that, defendant(s) has catergorized him

with the group of prisoners that legislature intended not to be afforded this time reduction based on the seriousness of their offense, and repeated criminal history. Plaintiff avers that, he is an non violent offender, and failure to correct this injustice, will be a miscarriage of justice.

*[signature]*
STEPHEN THOMAS #124145


...there is a common question of law and facts affecting the rights of the plaintiff...Did the defendant(s) make an ex post facto law by the implementation of §14-9-41 subsection (e), because, it denied prisoners who was entitled to some class of reduction from their sentences to arbitrarily be denied good time against legislative intent without any penologicial reason, but based soley on the length of their sentence, thereby, literally causing a prisoner to serve more time allowed by law.

Freddie Lee Bell #134318
Fountain 3800
Atmore, AL 36503

Office of the clerk
United District Court
P.O. Box 711
Montgomery, Alabama 36101

LEGAL LEGAL
LEGAL LEGAL